**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| RICHARD JEWELL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02393-SHL-tmp |
| EDDIE NOEMAN, in his official capacity as Mason, Tennessee, EDDIE NOEMAN, in his individual capacity, and TOWN OF MASON, TENNESSEE, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER REQUIRING ADDITIONAL RESPONSE FROM PLAINTIFF**

Before the Court is the Parties' Joint Motion for Settlement Approval, filed July 13, 2026.  (ECF No. 17.)  The only two ways that an FLSA overtime compensation claim may be resolved by agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for approval.  Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  The Parties have taken the second route, presenting their Proposed Settlement Agreement and Release to this Court for approval.  (ECF No. 17-1.)  A district court must scrutinize a proposed FLSA settlement and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn's Food Stores, 679 F.2d at 1355.

An element of this analysis is whether the settlement's award of attorneys' fees is "reasonable under the circumstances."  Jackson v. Turner Holdings, LLC, No. 220-cv-02018, 2020 WL 8461764, at *1 (W.D. Tenn. Oct. 30, 2020).  The Court, however, is unable to fully conduct this analysis with the information provided in the Motion.

The settlement here awards Plaintiff Richard Jewell a lump sum payment of $58,000.00, which the Parties assert includes "any and all alleged damages, wages, back pay, benefits, interest, penalties, attorney fees, expenses, costs, filing fees, service costs, or other amounts claimed by Mr. Jewell or his counsel." (ECF No. 17-1 at PageID 196.)

The Court is left in the dark as to how the Settlement Payment will be allocated. In determining whether an award of attorney's fees is reasonable, the Court needs to consider (1) what percentage of Jewell's alleged back pay the $58,000 represents, and (2) the lodestar amount to put the award for attorney's fees in context. The Motion offers no data on these two important questions.

Because of this deficiency, and to save the Parties from expending additional effort by setting the Motion for a status conference, Plaintiff is **DIRECTED** to file appropriate documentation, including a proposed allocation of the Settlement Payment, Plaintiff's alleged lost overtime wages and his counsel's hours worked and hourly rate, on the docket within **fourteen days** of this Order.

**IT IS SO ORDERED,** this 24th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2