**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RICHARD JEWELL,<br>Plaintiff,<br>v.<br>EDDIE NOEMAN, in his official capacity as Mayor of Mason, Tennessee, EDDIE NOEMAN, in his individual capacity, and TOWN OF MASON, TENNESSEE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02393-SHL-tmp |

**ORDER REQUIRING ADDITIONAL RESPONSE FROM PLAINTIFF**

Before the Court is Plaintiff Richard Jewell's Response to the Court's Request Regarding Settlement, filed August 7, 2026. (ECF No. 21.) In it, Jewell provides some details about the Parties' proposed settlement agreement. However, the response does not include the documentation necessary to determine whether the award of attorney's fees is reasonable under the circumstances. In addition, the filing neglects to compare Jewell's recovery to the back pay he claims. Therefore, Jewell is **DIRECTED** to file documentation that includes Plaintiff's counsel's hours worked and hourly rate, as well as to explain the percentage of Jewell's claim that he will recover, on the docket within fourteen days of this Order.

Here, the Parties seek court approval of a proposed settlement of an FLSA overtime compensation claim. (See ECF No. 17.) In a previous order, the Parties were informed that "[a] district court must scrutinize a proposed FLSA settlement and determine whether it is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions." (ECF No. 20 at PageID 206 (quoting Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1355 (11th Cir. 1932)).) That Order outlined three areas requiring more information: (1) how the

lump sum settlement payment of $58,000 would be allocated; (2) what percentage of Jewell's alleged back pay the $58,000 represents; and (3) Jewell's counsel's hours worked and hourly rate, to determine the reasonableness of the proposed attorney's fees award. (ECF No. 20 at PageID 207.) Plaintiff's response provided the necessary information on the first area, but not the second or third. (Id.) Plaintiff detailed how the $58,000 lump sum would be allocated, including a specific amount allotted to back wages owed and attorney's fees. (ECF No. 21 at PageID 208.) However, the response does not compare the recovery to the amount claimed or contain information about the hours worked and hourly rate of Jewell's attorney.

The Court's previous Order was clear. It directed Jewell "to file appropriate documentation, including a proposed allocation of the Settlement payment, Plaintiff's alleged lost overtime wages and his counsel's hours worked and hourly rate." (ECF No. 20 at PageID 207.) As previously explained, "[a]n element of [the FLSA] analysis is whether the settlement's award of attorneys' fees is 'reasonable under the circumstances.'" (Id. at PageID 206 (quoting Jackson v. Turner Holdings, LLC, No. 220-cv-02018, 2020 WL 8461764, at *1 (W.D. Tenn. Oct. 30, 2020)).) And while the proposed recovery to Jewell and allocation of attorneys' fees appears reasonable, that does not excuse Jewell from complying with the prior Order. Therefore, Jewell is **DIRECTED** to file documentation that includes a comparison of the claimed amount owed to the recovery amount and Plaintiff's counsel's hours worked and hourly rate, on the docket within fourteen days of this Order.

**IT IS SO ORDERED**, this 25th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE