**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RICHARD JEWELL,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE NOEMAN, in his official capacity as Mayor of Mason, Tennessee, EDDIE NOEMAN, in his individual capacity, and TOWN OF MASON, TENNESSEE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02393-SHL-tmp |

**ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL**

On April 7, 2026, Plaintiff Richard Jewell's action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), against Defendants Eddie Noeman and the Town of Mason, Tennessee, was removed to this Court. (ECF No. 1.) On July 13, 2026, the Parties filed a Joint Motion for Settlement Approval. (ECF No. 17.) That filing did not provide the information necessary to determine "whether [the settlement] [was] a fair and reasonable resolution of a bona fide dispute over FLSA provisions." (ECF No. 20 at PageID 206 (quoting Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1355 (11th Cir. 1982)).) So, the Parties were directed to provide more information, which they did. (ECF No. 21.) However, at the time, the Court was still without the information needed to approve the Parties' settlement agreement, and the Parties were again directed to provide more information. (See ECF No. 22.) The Parties have now provided the necessary information. (ECF No. 23; ECF No. 24.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

The Complaint alleges that Defendants failed to pay Plaintiff bi-weekly wages he earned. (ECF No. 1-2 at PageID 12–13.) Defendant Noeman denied this allegation. (ECF No. 1-6 at PageID 54.) Under the proposed Release and Settlement Agreement and Release, Defendant Mason will pay a total settlement amount of $58,000. (ECF No. 17-1 at PageID 196.) Of this amount, Jewell will receive $48,240. (ECF No. 23 at PageID 213.) Jewell's counsel billed 32 hours on Jewell's case, at $350 an hour, which adds up to $11,200. (Id.) Counsel then reduced his fee by 16.42% to result in a final attorney fee of $9,528.[1] Under the proposed agreement, Jewell agrees to release his claims against Defendants. (ECF No. 17-1 at PageID 197.)

## LEGAL STANDARD

Under the FLSA, an employer who engages in certain prohibited practices, such as failing to pay wages, shall be liable to a covered employee for back wages and liquidated damages. See 29 U.S.C. § 216(b). The only two ways that an FLSA claim may be resolved through an agreement of the parties are if (1) the Secretary of Labor supervises the payment of back wages or (2) the employer and employee present the proposed settlement to the district court for approval. Lynn's Food Stores, Inc., 679 F.2d at 1352–53. The Parties have taken the second route, presenting a proposed Settlement Agreement to this Court for approval.

District courts scrutinize proposed FLSA settlements to determine whether they represent "fair and reasonable resolution[s] of a bona fide dispute over FLSA provisions." Id. at 1355; Nutting v. Unilever Mfg. (U.S.) Inc., No. 14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). In this analysis, the Court examines three factors: (1) whether the settlement was

[1] The settlement also covers a $232.00 filing fee and service charge. (ECF No. 21 at PageID 208.)

achieved in an adversarial context, (2) whether the plaintiffs were represented by attorneys who can protect their rights, and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute. Lynn's Food Stores, 679 F.2d at 1354. As to the fairness and reasonableness of the settlement, additional factors guide the analysis:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recover[y]; and (6) the opinions of the counsel.

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

An award of fees in an FLSA case must be reasonable. "The reasonableness of attorney's fees is an important factor in determining the reasonableness of an FLSA settlement. Robinson v. IIPG, LLC, No. 2:23-cv-02141-SHM-cgc, 2024 WL 6981246, at *2 (W.D. Tenn. July 3, 2024) (citation omitted). "A reasonable fee is 'adequately compensatory to attract competent counsel' but 'avoids producing a windfall for lawyers.'" Coleman v. Amazon.com, Inc., No. 2:21-cv-02200-SHM-atc, 2025 WL 3048232, at *3 (W.D. Tenn. Oct. 31, 2025) (citation omitted).

## ANALYSIS

Based on the Parties' submissions, the proposed settlement is a fair and reasonable resolution of a bona fide FLSA dispute. First, the settlement was achieved after arm's length negotiations between parties with a genuine dispute over whether Defendants may be held liable under the FLSA. (ECF No. 17 at PageID 192.) Second, the proposed Settlement Agreement is fair and reasonable. Counsel for Jewell represented that the amount of backpay Jewell will receive under the Settlement Agreement, $32,240.00, represents all the back pay he is owed by Defendants. (ECF No. 23; ECF No. 24.) Third, as for the Nutting factors, the Court finds no evidence of fraud or collusion. See Nutting, 2014 WL 2959481, at *3. Moreover, settlement now

will avoid additional expenditures of time and resources. Finally, counsel for the Parties indicate their support for the proposed Settlement by conferring and agreeing to the Settlement Agreement. (See ECF No. 17; ECF No. 17-1.)

Additionally, the attorneys' fees portion of the settlement agreement is reasonable. Jewell's counsel billed 32 hours at $350.00 per hour, resulting in a total amount of $11,200. Counsel then reduced his fee by 16.42%, resulting in a final attorney fee of $9,528. Counsel for Jewell submitted detailed timesheets of his work on the case. Both the rate charged by counsel and the number of hours spent on Jewell's case, especially when considering the reduction by counsel, were reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and **APPROVES** the proposed Settlement Agreement. Jewell's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE